IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00134-GPG

JOHN JAY POWERS,

      Plaintiff,

v.

T. COZZA-RHODES, and
FIVE PREVIOUS WARDENS AT ADX,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, John Jay Powers, is a prisoner in the custody of the Federal Bureau of Prisons at a federal prison in Florence, Colorado.   Mr. Powers has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics* , 403 U.S. 388 (1971).   He seeks damages as well as injunctive relief.

      The court must construe the Prisoner Complaint liberally because Mr. Powers is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the court should not be an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   Mr. Powers will be ordered to file an amended complaint if he wishes to pursue his claim in this action.

      As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined the Prisoner Complaint is deficient.   First, Mr. Powers fails to provide an address for each Defendant in the Prisoner Complaint.   Mr. Powers must provide a complete address for each named Defendant so that each Defendant may be served

properly.

The Prisoner Complaint also is deficient because Mr. Powers fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.   The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.   *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).   The pleading requirements of Rule 8 are designed to meet these purposes.   *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).   Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."   The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."   Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.   Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Powers complains that the funds in his inmate trust fund account have been encumbered for more than fifteen years, apparently as a result of sanctions imposed in prison disciplinary proceedings, and that he does not have access to those funds. According to Mr. Powers, he has expressed desires to use the funds in his trust fund account to donate to religious organization, purchase books and magazines, pursue

educational and vocational courses, purchase gifts for family and friends, place personal

ads for pen-pals, donate to political causes, pay filing fees, hire counsel or a paralegal,

purchase medical shoes, and purchase food to supplement his meals, but he has not

been allowed to use the encumbered funds for any of these purposes.   Mr. Powers

specifically asserts three claims for relief alleging his First Amendment rights have been

violated (claim one), he has been denied due process and equal protection (claim two),

and he has been subjected to cruel and unusual punishment in violation of the Eighth

Amendment (claim three).   He asserts the same factual allegations in support of each

claim.

The Prisoner Complaint does not comply with the pleading requirements of Rule 8

because the factual allegations in the Prisoner Complaint are vague and conclusory and

Mr. Powers fails to specify which factual allegations support each constitutional claim he

is asserting.   Vague and conclusory allegations that his federal constitutional rights have

been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally

the court construes such pleadings.   *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D.

Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).   Furthermore, the general rule that *pro*

*se* pleadings must be construed liberally has limits and "the court cannot take on the

responsibility of serving as the litigant's attorney in constructing arguments and searching

the record."   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir.

2005).   Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need

accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory

allegations."   *Hall*, 935 F.2d at 1110.   Neither the court nor the Defendants are required

to guess in order to determine the specific factual allegations that are being asserted in support of each claim.

In order to state a cognizable claim in federal court, Mr. Powers must identify the specific factual allegations that support each claim and what each Defendant did that allegedly violated his rights.   *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").   Mr. Powers cannot satisfy the requirement of providing a short and plain statement of his claims by repeating the same factual allegations in support of each constitutional claim.   The reason this sort of shotgun approach to pleading does not satisfy the requirements of Rule 8 is that the factual allegations necessary to support a particular constitutional claim are very different than the factual allegations necessary to support a different constitutional claim.   For example, the factual allegations necessary to support whatever First Amendment claim or claims Mr. Powers is asserting are different than the factual allegations necessary to support his Eighth Amendment claim.

In order to state an arguable Eighth Amendment claim Mr. Powers must allege specific facts that demonstrate deliberate indifference to a substantial risk of serious harm.   *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).   "A claim of deliberate indifference includes both an objective and a subjective component."   *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014). The objective prong examines whether the alleged deprivation was sufficiently serious.

4

*Farmer*, 511 U.S. at 834.   Under the subjective prong, "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."   *Id.* at 847.

With respect to due process, Mr. Powers apparently contends he was denied due process in disciplinary proceedings that resulted in the funds in his inmate trust fund account being encumbered.   Assuming Mr. Powers has been deprived of a constitutionally protected liberty or property interest, he fails to allege facts that demonstrate he was denied the minimum due process required at a prison disciplinary hearing.   When a constitutionally protected liberty or property interest is implicated in prison disciplinary proceedings,

> the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)).

In order to state an arguable equal protection claim Mr. Powers must allege facts that demonstrate he intentionally was treated differently than similarly situated inmates. *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).   "Equal protection of the laws doesn't guarantee equal results for all. "  *SECSYS, LLC v. Vigil*, 666 F.3d 678, 684 (10th Cir. 2012) (internal quotation marks omitted).   Instead, the Equal Protection Clause "seeks to ensure that any classifications the law makes are made without respect to persons, that like cases are treated alike, that those who appear similarly situated are not

treated differently without, at the very least, a rational reason for the difference." *Id.* (internal quotation marks omitted).

With respect to the First Amendment claim, different factual allegations are necessary depending on the nature of the claim being asserted.   It appears that Mr. Powers may be asserting violations of his First Amendment right to exercise his religion freely, his First Amendment right of access to the courts, his First Amendment right to file grievances, his First Amendment right to associate with family members and others outside of prison, and perhaps other First Amendment rights.   If so, he must make clear what specific First Amendment claims he is asserting and what specific factual allegations support each First Amendment claim.

Because Mr. Powers indicates he is asserting his constitutional claims pursuant to *Bivens*, he is advised that, "[u]nder *Bivens*, an individual has a cause of action against a federal official in his individual capacity for damages arising out of the official's violation of the United States Constitution under color of federal law or authority."   *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000).   Thus, allegations of "personal participation in the specific constitutional violation complained of [are] essential."   *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("[i]ndividual liability . . . must be based on personal involvement in the alleged constitutional violation.").   A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   It is not enough to allege that the current warden and five former wardens "maintained an 'encumbrance' on Plaintiff's

prisoner trust fund account and would not allow Plaintiff to access those funds for any reason" (ECF No. 1 at 4, 11, 18), that Defendants were duly informed and failed to remove the encumbrance (*see id.* at 7-8, 15, 21-22), or that "Defendants have failed to take adequate corrective action after being called upon to do so by FBOP lawyers and other FBOP officials" (*id.* at 10, 17, 24).

Although Mr. Powers includes a request for injunctive relief, he fails to specify the nature of the injunctive relief he is seeking.   Furthermore, it appears that any request for injunctive relief is moot to the extent he is seeking such relief from the former wardens named as Defendants in this action.

Finally, Mr. Powers may use fictitious names, such as John and Jane Doe, if he does not know the real names of the individuals he is suing, but he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.   As noted above, Mr. Powers also must provide an address where each Defendant may be served.   Accordingly, it is

ORDERED that Mr. Powers file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.   It is

FURTHER ORDERED that Mr. Powers shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Powers fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED January 29, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge